UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Abel Melendez,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　　　　Plaintiff,<br>　　　　　　-v.-<br>McClure Law Office; Peerless Credit Services, Inc.; and John Does 1-25,<br>　　　　　　　　　　　　　　　　Defendants. | Case No.: 2:21-cv-594<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Abel Melendez brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants McClure Law Office ("McClure") and Peerless Credit Services, Inc. ("Peerless"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.　　The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.　　The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Wisconsin consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Wisconsin, County of Ozaukee.

8. Defendant McClure is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with a service address at 449 Eisenhower Blvd., Harrisburg, Pennsylvania 17111.

9. Upon information and belief, Defendant McClure is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Peerless is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address at 659 Spring Garden Drive, Middletown, PA 17057.

11. Upon information and belief, Defendants Peerless is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Wisconsin;

   b. to whom McClure sent an initial letter;

   c. on behalf of Peerless;

   d. attempting to collect a consumer debt;

   e. in three sub-classes where:

   1. the letter failed to identify and name the current creditor to whom the debt was allegedly owed;

   2. the letter was sent on a law firm's letterhead by someone not admitted to practice law in Wisconsin; or

   3. no lawsuit was filed within two months of the date of the letter; and

f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above allegations as if set forth here.

23. Some time prior to October 13, 2020, Plaintiff allegedly incurred obligations to non-parties St. Luke's Hospital-All-NM ("St. Luke's Hospital") and St Luke's Physicians-Epic ("St. Luke's Physicians") (together, "St. Luke's").

24. The obligations arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal medical services.

25. The alleged St. Luke's obligations are each a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. St. Luke's is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. According to Defendants' letter, Peerless retained McClure to collect the debt.

28. Peerless collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. McClure collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### Violation - October 13, 2020 Collection Letter

30. On or about October 13, 2020, Defendants sent Plaintiff an initial collection letter regarding the alleged debt. See Letter attached as Exhibit A.

31. The letter did not contain all the notices required by 15 U.S.C. § 1692g.

32. Specifically, the letter does not state the name of the current creditor to whom the alleged debt is owed.

33. The letter states four debts with four account numbers.

34. Under a column labeled "Creditor" there are two accounts each for St. Luke's Hospital and St. Luke's Physicians.

35. The letter then states: "This is to advise you that I have been retained by Peerless Credit Services for purposes of collecting the creditor account(s) listed above".

36. The letter does not identify the role of Peerless in relation to the debt.

37. Peerless is only identified as McClure's client and that they retained McClure to collect the debt.

38. Plaintiff was confused as to the role of Peerless and whether they are the creditor or if St. Luke's is the creditor.

39. The letter deceived and confused Plaintiff by stating that McClure was retained by Peerless without stating if Peerless owns the account and then contradicting itself by stating it is attempting to collect the "creditor account(s) listed above", as in St. Luke's Hospital and/or St. Luke's Physician.

40. Adding to the confusion, St. Luke's is also listed under the column labeled "Creditor".

41. It is deceptive to not clearly state who the creditor is in an initial collection letter sent to a consumer.

42. Mere allusions are not enough, the letter must specifically and clearly state who is the creditor.

43. Defendants failed to provide Plaintiff with a proper initial communication letter by failing to clearly identify the current creditors of the debt.

44. In addition, the letter was sent on the letterhead from the law firm McClure Law Office.

45. By coming from a law firm, the letter implied that legal action was impending in the near future.

46. However, it has been nearly seven months since the date of the letter and no legal action has occurred, as implied.

47. Upon information and belief, Defendants did not intend to commence legal action.

48. Sending the letter from an attorney at a law firm was done to improperly coerce payment.

49. It was deceptive, misleading, harassing, and unfair to imply impending legal action, when the implication is false.

50. Finally, the letter is signed by "Rebecca S. McClure".

51. Rebecca S. McClure is identified in the letterhead as "Attorney-At-Law".

52. However, upon information and belief, Rebecca S. McClure is not admitted in Wisconsin.

53. Yet this letter was sent to Plaintiff in Wisconsin.

54. Ms. McClure is practicing law in Wisconsin without a license.

55. Practicing law in Wisconsin without a license is punishable by a fine and up to one year in jail.

56. Therefore, Defendants used criminal means to collect the alleged debt, i.e., to harm Plaintiff's property.

57. The letter is therefore false, misleading, harassing, unfair, illegal, unconscionable, and deceptive.

58. Plaintiff was unable to evaluate his options of how to handle this debt.

59. Plaintiff believed a real attorney was trying to collect this alleged debt and a lawsuit was imminent.

60. Plaintiff was fearful of this.

61. Because of the letter, Plaintiff expended time, money, and effort in determining the proper course of action.

62. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

63. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

64. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

66. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

67. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

68. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

69. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

72. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive, or misleading representation or means in connection with the collection of any debt.

73. Defendants violated said section by:

   a. failing to identify and name the current creditor to whom the debt was allegedly owed, implying impending legal action, and having a non-lawyer impersonate one to sign the letter, in violation of §§ 1692e (2) and (10);

   b. Falsely implying that an individual is an attorney or that a communication was from an attorney, in violation of § 1692e (3);

   c. Making an implied threat of taking action that cannot legally be taken or that is not intended to be taken, in violation of § 1692e (5); and

d. Using and distributing written communication which creates a false impression as to its source, authorization, or approval, in violation of § 1692e (9).

74. By reason thereof, Defendants is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

75. Plaintiff repeats the above allegations as if set forth here.

76. In the alternative, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

77. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

78. Defendants violated this section by unfairly and unconscionably collecting the alleged debt, as described above.

79. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

80. Plaintiff repeats the above allegations as if set forth here.

81. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

82. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed; …

83. Defendants violated 15 U.S.C. §1692g by failing to include a clearly identify the name of the creditor to whom the debt is owed.

84. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

85. Plaintiff repeats the above allegations as if set forth here.

86. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

87. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

88. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the extinguished debt.

89. Defendants violated said section, inter alia, by having an unlicensed attorney collect a debt through her law firm, in violation of § 1692d (1).

90. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

91. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Abel Melendez, individually and on behalf of all others similarly situated, demands judgment from Defendants McClure and Peerless as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 11, 2021

Respectfully submitted,
**Stein Saks PLLC**
s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com
*Attorneys for Plaintiff*